United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 29, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-30856
Summary Calendar

———————————

WILHELMENA COOK,

Plaintiff-Appellant,

versus

DIANA HAYS AND OPTIONS, INC.

Defendants-Appellees,

ELAINE CHAO, SECRETARY, DEPARTMENT OF LABOR,

Amicus Curiae.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-cv-03032
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Plaintiff-appellant, Cook, appeals the district court's grant
of a partial summary judgment in favor of defendant-appellees on
her Fair Labor Standards Act ("FLSA") claim for overtime.  Cook was
employed by Options, Inc., a non-profit corporation that provides
home health care, from 1998 to 2003 and received overtime pay until
July 21, 2000.  Cook, though trained as a radiologist technician,
served as a full-time direct-care worker during her employ, wherein

_____

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

she completed tasks set out in the comprehensive Plan of Care. Accordingly, she performed the following tasks for clients: provided simple physical therapy, prepared their meals, assisted with their eating, baths, bed-making, and teeth brushing, completed housework (accounting for less than 5 percent of her time), and accompanied them on walks, to doctor visits, to Mass, and to the grocery store.

Generally, the FLSA requires that an employee be compensated at a rate of one and one-half times his regular pay for hours in excess of forty in a single work week. However, certain employees are exempted from coverage, including ". . . any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves. . . ." 29 U.S.C. § 231(a)(15). 29 C.F.R. § 552.6 defines "companionship services," excluding those that require and are performed by trained personnel. At issue in this appeal is whether Cook provided "companionship services" so as to be exempted.

We find that Cook's duties qualify as companionship services. See e.g., Salyer v. Ohio Bureau of Workers' Compensation, 83 F.3d 784 (6th Cir. 1996); Cox v. Acme Heath Services, Inc., 55 F.3d 1304 (7th Cir. 1995); McCune v. Oregon Senior Services Div., 894 F.2d 1107 (9th Cir. 1990). Further, Cook is not a "trained professional." See id; see also Terwilliger v. Home of Hope, Inc., 21 F.Supp.2d 1294 (N.D.Okla.1998). Accordingly, she is not covered

by the FLSA and does not fit into the "trained personnel" exception. Therefore, she is not entitled to overtime pay.

For the foregoing reasons, we AFFIRM.